**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

DONALD L. LOWE, JR.,                          )
                                              )
          Plaintiff,                          )
                                              )
v.                                            )          No. 3:23-cv-00823-DWD
                                              )
ILLINOIS CENTRAL RAILROAD                     )          **DEFENDANT DEMANDS**
COMPANY, a subsidiary of CANADIAN             )          **TRIAL BY JURY**
NATIONAL RAILWAY COMPANY,                     )
                                              )
          Defendant.                          )

## ANSWER OF ILLINOIS CENTRAL RAILROAD COMPANY

Defendant, Illinois Central Railroad Company ("Illinois Central"), improperly named as Illinois Central Railroad Company, a subsidiary of Canadian National Railway Company, by its attorneys, Thompson Coburn, LLP, for its Answer to Plaintiff's Complaint, states as follows:

### JURISDICTION

1.      Based upon the allegations contained in Plaintiff's Complaint, Illinois Central admits this court has jurisdiction pursuant to 45 USC, Section 51, et al., commonly known as the Federal Employers' Liability Act. Illinois Central denies all other allegations of paragraph 1.[1]

### ALLEGATIONS

2.      Illinois Central admits it is a corporation engaged in the business of interstate commerce operating as a common carrier by railroad in several states of the United States including Illinois and that it operates as a railroad in Union County, Illinois. Illinois Central denies all other allegations of paragraph 2.

---

[1] The paragraph headings are from Plaintiff's Complaint.

3.      Illinois Central admits Donald L. Lowe, Jr. was employed by it at certain times in the past, and that when he was in the scope and course of his duties his rights are governed by the Federal Employers' Liability Act.  Illinois Central denies all other allegations of paragraph 3.

4.      Illinois Central admits it is engaged in interstate commerce as a common carrier by railroad, and that the rights and liabilities of the parties to this case are governed by the Federal Employers' Liability Act.  Illinois Central denies all other allegations of paragraph 4.

5.      Illinois Central admits that Plaintiff was employed by Illinois Central on March 26, 2020, but denies all other allegations of paragraph 5.

6.      Illinois Central denies the allegations of paragraph 6, and further denies the specific allegations of subparagraphs (a) through (k) thereof.

7.      Illinois Central denies the allegations of paragraph 7, and further denies that plaintiff was injured in the nature or to the extent claimed.

## <u>AFFIRMATIVE DEFENSES</u>

For its affirmative defenses, Illinois Central Railroad Company states as follows:

1.      Plaintiff committed acts or omissions of contributory negligence all in mitigation of any damages alleged here by doing one or more of the following:

> (a) Failing to follow applicable Illinois Central policies, rules, and practices while working as a machine operator;

> (b) Failing to follow training and recommended methods of work while working as a machine operator;

> (c) Failing to follow applicable Illinois Central Railroad Company rules and practices regarding his work, including CN L.I.F.E. Safety Rules and Recommended Practices for Engineering Employees Rules: Section II (Core Safety Rules), E-21 (On-Track Work Equipment and Rail Cars), E-22 (Personal Protective Equipment and Clothing), E23 (Personal Protective Equipment Charts), and Section IV (Seat Belts); On-Track Safety Rules: Section 900, Section 901; and CN U.S. Operating Rules: A (Safety), B (Reporting and Complying with Instructions), C (Alert and Attentive), D

29728236

(Reporting Injuries and Defects), 501 (Speed), and 516 (Precautions Against Unusual Conditions and Defects).

(d) Failing to inspect for and report the conditions alleged in his Complaint;

(e) Failing to properly inspect the ballast and track at issue;

(f) Failing to exercise reasonable care when operating the ballast regulator at issue;

(g) Causing or contributing to his own injury all in mitigation of any damages herein;

(h) Failing to follow the commands and directions of his supervisor(s) while working as a machine operator;

(i) Failing to properly operate the ballast regulator at issue;

(j) Failing to obtain directions and approval from his supervisor(s) regarding work duties including, work that varied from the permission granted during the course and scope of his work duties and assignment on March 26, 2020.

2.      That the sole proximate cause of the accident which is the subject of this suit is the plaintiff's own negligence in causing the accident in the ways set forth above.

3.      Plaintiff has failed to mitigate his damages by continuing to work or by returning to work or seeking other employment as soon as reasonably possible.

4.      Plaintiff's causes of action are barred to the extent they are preempted, precluded, and/or superseded, in whole or in part, by federal law, including, but not limited to, the Federal Railroad Safety Act and its implementing regulations.

5.      Defendant may have made payments to Plaintiff or had payments made on Plaintiff's behalf for advances, improvements to his home, payment for personal items, medical bills, Railroad Retirement Benefits, or other benefits, all of which entitle defendant to a set-off.

6.      Illinois Central Railroad Company states that while denying any liability whatsoever to Plaintiff, on any grounds, Illinois Central Railroad Company is entitled to a set off

29728236

against any claim asserted by Plaintiff of such sums which have been paid by or funded by Illinois Central Railroad Company on behalf of Plaintiff, including, but not limited to, payment of medical bills, wages, benefits and all amounts Illinois Central Railroad Company contributed to the Railroad Retirement Board for any and all sickness and/or disability or other benefits in favor of the Plaintiff.

7.     To the extent plaintiff is alleging injuries to his head, neck, back, spine, arms, hands, and body as a result of this incident, the medical records and films show plaintiff did not incur any injury to his head, neck, back, spine, arms, hands, or body from this incident.

8.     Plaintiff's alleged injuries to his head, neck, back, spine, arms, hands, and body, if any, are the result of longstanding pre-existing degenerative conditions not caused by the incident at issue.

9.     Illinois Central Railroad Company asserts the right and obligation to withhold and pay directly to the Railroad Retirement Board from any judgment herein, if any, of Railroad Retirement Taxes and Medicare Taxes required to be withheld by Defendant, as well as any other liens or paybacks which Defendants may be required to withhold and pay back from any judgment herein.

10.     Defendant reserves the right to raise additional affirmative defenses as this cause of action proceeds.

WHEREFORE, having fully answered Plaintiff's Complaint, Illinois Central Railroad Company asks that it be allowed to go with its costs herein expended.

29728236

Respectfully submitted,

THOMPSON COBURN LLP


By s/ Kurt E. Reitz
    Kurt E. Reitz, #6187793 (Lead Counsel)
    525 West Main Street
    Suite 300
    Belleville, Illinois 62220
    618-277-4700
    FAX 618-236-3434
    kreitz@thompsoncoburn.com

OF COUNSEL:                ***Attorneys for Defendant,***
THOMPSON COBURN LLP      ***Illinois Central Railroad Company***


## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record as follows:  Benjamin P. Tobin.


    s/Kurt E. Reitz

29728236